No. 13-3582
Associated with Nos. 13-3581, 13-3666

# In The
# United States Court of Appeals
# For the Eighth Circuit

_____

MARCUS DELL GASTINEAU, ET AL.,

*Appellants,*

v.

NATIONAL FOOTBALL LEAGUE,

*Appellee.*

_____

On Appeal from the United States District Court
For the District of Minnesota
Case No. 0:09-CV-02182-PAM-AJB

_____

REPLY OF APPELLANTS MARCUS D. GASTINEAU AND ABDUL
SALAAM IN SUPPORT OF APPEAL FROM ORDER APPROVING
SETTLEMENT, AND SUPPORTING APPELLANTS JAMES L.
MARSHALL, JOSEPH M. SENSER, AND DANTE A. PASTORINI

_____

| | |
|---|---|
| MANTY & ASSOCIATES, P.A. | BERGER & MONTAGUE, P.C. |
| Jacqueline J. Williams | Sherrie R. Savett |
| 510 First Avenue North, Suite 305 | Eric Lechtzin |
| Minneapolis, MN 55403 | 1622 Locust Street |
| Telephone: (612) 465-0342 | Philadelphia, PA 19103 |
| Facsimile: (612) 746-0310 | Telephone: (215) 875-3000 |
| Email: jwilliams@mantylaw.com | Facsimile: (215) 875-5715 |
| | Email: ssavett@bm.net |
| |      elechtzin@bm.net |

*Attorneys for Appellants Gastineau and Salaam*

Appellate Case: 13-3582     Page: 1     Date Filed: 04/17/2014 Entry ID: 4144985

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................... 1

I. ARGUMENT ..................................................................................... 2

    A. Distributing an Entire Settlement Fund to Third-Party Charities Is Unprecedented and Unjustified ............................................................. 3

    B. The Settlement's Alleged Benefits are Too Uncertain to Justify Approval ..................................................................................... 6

II. CONCLUSION ................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Airline Ticket Comm'n Antitrust Litig.*
    268 F.3d 619 (8th Cir. 2002) ...................................................................................3

*In re Airline Ticket Comm'n Antitrust Litig.*
    307 F.3d 679 (8th Cir. 2002) ...................................................................................3

*Citizens Banking Co. v. Monticello State Bank*,
    143 F.2d 261 (8th Cir. 1944) ...................................................................................5

*Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of
    Am. v. Gen Motors*, 497 F.3d 615 (6th Cir. 2007)............................................ 5-6

*Leonhardt v. Arvinmeritor, Inc.*,
    581 F. Supp. 2d 818 (E.D. Mich. 2008) ..................................................................5

*Nagy v. Jostens, Inc.*,
    787 F.2d 446 (8th Cir. 1986) ...................................................................................5

*In re NFL Players' Concussion Injury Litig.*,
    MDL No. 2323, 2014 U.S. Dist. LEXIS 4300 ......................................................6

**Other Authorities**

Rule 23 ...........................................................................................................*passim*

# INTRODUCTION

Class Members Marcus Dell Gastineau ("Gastineau) and Abdul Salaam ("Salaam"), submit this Reply on their own behalf and in further support of Plaintiffs-Appellants James L. Marshall, Joseph M. Senser, and Dante A. Pastorini.

The NFL and Settling Plaintiffs have failed to rebut the central argument advanced by this appeal, *i.e.*, that the district court abused its discretion in approving this settlement because it does not guarantee that any class member will receive any economic benefit in any form. Rather than distributing settlement proceeds directly to class members, all settlement proceeds will be paid to third parties, with no assurance that any class member will receive any benefits.

In response, the NFL and Settling Plaintiffs appear to argue that the merits of class members' claims are so weak that any settlement should be considered fair, reasonable, and adequate. As shown in Plaintiffs-Appellant's Reply Brief, the class members' claims are meritorious. In any event, the relative merits of those claims cannot justify approval of an unprecedented settlement in which all funds will be distributed to third parties rather than class members. The NFL and Settling Plaintiffs have failed to provide any authority that this type settlement structure is appropriate under established Rule 23 principles. Accordingly, this Court should reverse the district court's approval of the settlement.

1

## I. ARGUMENT

While the district court and Appellees have praised the settlement's lofty goals, which are certainly admirable, they have failed to explain how the alleged benefits of the settlement will actually reach class members. They have also failed to explain how the purported benefits of the settlement in any way relate to the value of class members' publicity rights or the broad releases being given the NFL.

Explanations are lacking because all settlement funds will be distributed through two layers of a third-party charities. The second layer entities in this distribution scheme are not even known. Moreover, there is no plan of allocation to guide these third parties in their distribution of settlement funds. These third-party recipients can choose to use the money to benefit class members or other "similarly situated" individuals who need not be class members, or they may use the funds for "indirect" charitable purposes. Individual class members will get nothing from the settlement unless they qualify to receive benefits from the particular charities. Even then, such benefits would be unrelated to the class members' claims related to their publicity rights. This is an unfair and unreasonable departure from widely accepted principles governing class action settlements.

2

## A. Distributing an Entire Settlement Fund to Third-Party Charities Is Unprecedented and Unjustified

Gastineau's and Salaam's and Plaintiffs-Appellants' opening briefs explain in detail why this settlement falls far outside the bounds of what Rule 23 allows. For the sake of brevity, we will not reiterate this argument except to note that in virtually every class action settlement, the settlement funds are distributed directly to class members, through a claims process. Settlement funds are only distributed to third-party organizations when such funds are "unclaimed," *i.e.*, no further distributions can be made to class members.[1] *See In re Airline Ticket Comm'n Antitrust Litig. ("Airline II")*, 307 F.3d 679, 680-83 (8th Cir. 2002). Funds become "unclaimed" in two situations: (1) when class members cannot be identified or change constantly, or (2) where efforts to distribute funds directly to class members have been exhausted and some settlement funds remain. *See In re Airline Ticket Comm'n Antitrust Litig. ("Airline I")*, 268 F.3d 619, 625 (8th Cir. 2002). Neither situation is present in this case.

Here, class members are finite in number and have been identified; hence, there is no reason that the settlement funds cannot be distributed directly to the class. However, the settlement does not attempt to distribute any funds directly to any class members, and there is no claims process. Instead, the settlement requires

---

[1] Such distributions of "unclaimed" funds to third parties are typically called "*cy pres*" distributions.

that all funds be distributed directly to a new third-party 501(c)(3) charity, the Common Good Entity, which then must allocate the funds "only to" other unnamed, third-party organizations.[2] Thus, the entire settlement will be distributed directly to third parties without attempting to first compensate class members. This is unprecedented, and falls outside the boundaries of what Rule 23 allows. For this reason alone, the district court erred when it granted final approval.

All of the Settling Plaintiffs' arguments attempting to support the distribution of the entire settlement to third parties are flawed.

Settling Plaintiffs attempt to distinguish the settlement from a typical *cy pres* distribution of unclaimed funds.[3] This is nothing more than a straw man argument. Plaintiffs-Appellants have already explained in their opening brief that the settlement "cannot be considered a proper *cy pres* distribution."[4] This is because the settlement distributes the entire fund (rather than only unclaimed funds) to third-party organizations. Thus, the settlement cannot be justified by *cy pres* principles developed under Rule 23.

---

[2] A-263 (¶ IV.F.5(a)).

[3] Settling Plaintiffs' Brief ("Settling Br.") at 41.

[4] Marshall Plaintiffs-Appellants' Brief ("App. Br.") at 28.

Settling Plaintiffs next assert that, "The Objectors fail to point to a single case calling the advantageous structure of this Settlement into question."[5] This argument is unavailing because no other court has had an opportunity to review the propriety of a class settlement with the uniquely flawed features of the one presently under review. The only thing that can fairly be inferred from the judicial silence on this issue is that no one has previously attempted to settle a class action on terms so far beyond the scope of what is acceptable under Rule 23.

Lastly, the cases cited by Settling Plaintiffs do not support approval of the settlement and are easily distinguished. *See Citizens Banking Co. v. Monticello State Bank*, 143 F.2d 261, 264 (8th Cir. 1944) (plaintiffs sought direct financial relief for the class, not a distribution of settlement proceeds to third-parties); *Nagy v. Jostens, Inc.*, 787 F.2d 446 (8th Cir. 1986) (where a $1.2 million settlement of a sex discrimination case was distributed directly to class members based on a formula, the prevailing law firm's decision to use its own fees to create an additional $200,000 fund to benefit class members. The court held that the additional fund was outside the settlement, and thus, was permissible); *Leonhardt v. Arvinmeritor, Inc.,* 581 F. Supp. 2d 818, 822-23 (E.D. Mich. 2008) (healthcare settlement provided guaranteed, direct financial benefits to class members, *i.e.*, subsidized health-insurance plans); *Int'l Union, United Auto., Aerospace, & Agric.*

---

[5] Settling Br. at 42.

*Implement Workers of Am. v. Gen Motors,* 497 F.3d 615, 623 (6th Cir. 2007) (same). Thus, the cases cited by Settling Plaintiffs highlight the infirmities of the settlement.

Accordingly, the district court abused its discretion in granting final approval.

**B.     The Settlement's Alleged Benefits are Too Uncertain to Justify Approval**

Appellants have amply explained why the settlement's alleged benefits are too uncertain to merit approval. Settling Plaintiffs' response fails to resolves such uncertainties.

While Settling Plaintiffs repeat the district court's conclusory assertions "that the Common Good Fund will 'provide substantial benefits to the class as a whole,'"[6] they tacitly acknowledge that, at best, some (uncertain) class members will likely receive some (uncertain) benefit. Specifically, Settling Plaintiffs concede that "not every Class Member is guaranteed to receive a financial benefit from the Common Good Fund…."[7] This is hardly sufficient to meet Rule 23's requirements for approval of a class settlement. Indeed, settlements with far fewer uncertainties have been found to be too uncertain to merit approval. *See In re NFL Players' Concussion Injury Litig.*, MDL No. 2323, 2014 U.S. Dist. LEXIS 4300, at

---

[6] *Id.* at 36.

[7] *Id.* at 37.

6

17 (denying preliminary approval of $675 million direct distribution settlement fund out of concern "that not all Retired NFL Football Players who ultimately receive a Qualifying Diagnosis or their related claimants will be paid").

Moreover, Settling Plaintiffs fail to rebut the specific flaw in the settlement challenged by Gastineau and Salaam: the proposed charitable uses for the settlement do not correlate with the value of the underlying released publicity rights claims.  Since there is no plan of allocation or similar guidelines to direct the Common Good Entity in its distribution of funds to third party charities, retired players like Gastineau and Salaam, whose game footage has been used extensively by the NFL, could receive no benefit whatsoever.  However, retired players whose likenesses have never been used by the NFL could receive benefits far exceeding the value of anything Gastineau and Salaam receive.

Settling Plaintiffs' arguments in support of the Licensing Agency fare no better.  The "benefits" provided by the Licensing Agency are as uncertain as those contemplated by the Common Good Fund.  Among other things, there is nothing in the record that addresses revenue projections or any other metric of success.  Settling Plaintiffs' response fails to rebut these arguments.  Indeed, Settling Plaintiffs do not even acknowledge that the record contains no estimates of the value the Licensing Agency will actually deliver to class members.

7

Settling Plaintiffs argue that "The NFL's cash contribution of start-up funds and its marketing support ... are guaranteed and are direct payments for the benefit of all Class Members."[8] However, such "marketing support" does not involve direct payments to class members and does not suffice as consideration for class members to release their claims concerning their individual publicity rights.

Thus, the Licensing Agency does not support approval of the settlement.

## II.  CONCLUSION

For the reasons set forth herein, Gastineau and Salaam respectfully request that this Court reverse the District Court's Memorandum and Order entered on November 1, 2013 approving the class action settlement, and remand this case for further proceedings.

Date: April 16, 2014                              **BERGER & MONTAGUE, P.C.**

                                                  */s/* Eric Lechtzin
                                                  SHERRIE R. SAVETT
                                                  ERIC LECHTZIN
                                                  1622 Locust Street
                                                  Philadelphia, PA 19103
                                                  Telephone: (215) 875-3000
                                                  Facsimile: (215) 875-5715
                                                  ssavett@bm.net
                                                  elechtzin@bm.net

---

[8] *Id.* at 39.

**MANTY & ASSOCIATES, P.A.**
JACQUELINE J. WILLIAMS (#386611)
510 First Avenue North, Suite 305
Minneapolis, MN 55403
Telephone: (612) 465-0342
Facsimile: (612) 746-0310
jwilliams@mantylaw.com

*Counsel for Class Members Marcus Dell Gastineau and Abdul Salaam*

9

# CERTIFICATE OF BRIEF LENGTH

The undersigned counsel for Appellants Marcus Dell Gastineau and Abdul Salaam, certifies that this brief complies with the requirements of Fed. R. App. P. 32(a)(7)(B) in that it is printed in 14-point, proportionately spaced typeface utilizing Microsoft Word 2010 and contains 1,606 words, including headings, footnotes, and quotations.

I also certify that the Brief has been scanned for viruses and is virus-free.

Date: April 16, 2014  **BERGER & MONTAGUE, P.C.**

*/s/* Eric Lechtzin
SHERRIE R. SAVETT
ERIC LECHTZIN
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-5715
ssavett@bm.net
elechtzin@bm.net

**MANTY & ASSOCIATES, P.A.**
JACQUELINE J. WILLIAMS (#386611)
510 First Avenue North, Suite 305
Minneapolis, MN 55403
Telephone: (612) 465-0342
Facsimile: (612) 746-0310
jwilliams@mantylaw.com

*Counsel for Class Members Marcus Dell Gastineau and Abdul Salaam*

Appellate Case: 13-3582     Page: 13     Date Filed: 04/17/2014 Entry ID: 4144985

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2014, I electronically filed the foregoing Reply Brief for Appellants Marcus Dell Gastineau and Abdul Salaam with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/Eric Lechtzin
ERIC LECHTZIN